**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 20-0721** (Jefferson County CC-19-2019-F-134/88)

**Christine Stepanian,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Christine Stepanian, by counsel J. Daniel Kirkland, appeals from the Circuit Court of Jefferson County's March 17, 2021, order denying her motion to dismiss the indictment charging her with failing to register pursuant to the West Virginia Sex Offender Registry Act. The State of West Virginia, by counsel Patrick Morrisey and William E. Longwell, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is a sex offender who is required to register for the remainder of her life pursuant to the West Virginia Sex Offender Registration Act, West Virginia Code §§ 15-12-1 to -10. On September 18, 2019, she was indicted by the Jefferson County Grand Jury for failure to register or provide notice of registration changes, as required by West Virginia Code § 15-12-8. She filed a motion to dismiss the indictment, arguing that the code provision was "unconstitutionally vague."

At the hearing on the motion to dismiss, Cpl. Damian Hart of the West Virginia State Police testified that he routinely reviews sex offender registrant information to ensure that those on the registry remain in compliance with the registration requirements. Per his testimony, petitioner called him in May of 2019 and informed him that she was no longer living at her registered address. Petitioner told Cpl. Hart that she would update her address soon and confirmed that she knew that she had only ten days to do so. Despite this acknowledgement and a multi-month lapse in time, petitioner did not update her address. Weeks after petitioner first informed Cpl. Hart that she was moving, Cpl. Hart encountered petitioner by happenstance. Cpl. Hart reminded her that she needed

1

to update her information. Although petitioner told Cpl. Hart that she was homeless, she advised that "she would get with [him] to register her address."

Cpl. Hart testified that the forms used by the West Virginia State Police to update registry information have a place for sex offenders to provide both a mailing address and a physical address. Cpl. Hart indicated that even if petitioner did not have one address, she could have registered multiple addresses, if she was staying at multiple places. It is undisputed that petitioner did not update her information.

Petitioner did not testify at the hearing on the motion to dismiss or call any witnesses. She also failed to introduce evidence to support her position that she was homeless or otherwise incapable of updating her registration information. Instead, petitioner's counsel simply argued she was homeless. The State did not concede that petitioner was homeless, and the circuit court did not make a finding that petitioner was homeless.

The circuit court denied petitioner's motion to dismiss and found that her discussions with Cpl. Hart demonstrated that petitioner understood she was obligated to inform State Police of her address as a result of her sex offender status, yet failed to do so. The court rejected the notion that the sex offender registration requirements were unconstitutionally vague by relying on this Court's decision in *State v. Beegle*, 237 W. Va. 692, 698, 701, 790 S.E.2d 528, 534 (2016).[1] The circuit court also rejected the notion that a person with no permanent or fixed address was incapable of complying with the registration requirements. The court explained, "while it might have been cumbersome to register multiple addresses where she was physically located and spending time, this requirement does not make the statute unconstitutionally vague. The unstable housing should not be an excuse to circumvent the legislators' intent to protect our most vulnerable members of society."

Petitioner entered a conditional guilty plea, preserving her right to challenge the constitutionality of the registry statute. She was sentenced on August 13, 2020, to a period of not less than one nor more than five years of incarceration for failing to register as charged in the indictment.

---

[1] In *Beegle* we held that

Under the Sex Offender Registration Act, West Virginia Code §§ 15-12-1 to -10 (2014), a sex offender may have multiple addresses and is required to register each one.

A registered sex offender who resides for any extended period of time at his place of employment or job site is required to update the registry to reflect that his/her physical address includes his/her work-related address for purposes of complying with the disclosure requirements of the Sex Offender Registration Act, West Virginia Code §§ 15-12-1 to -10 (2014).

237 W. Va. at 693, 790 S.E.2d at 530, Syl. Pts. 1 and 2.

Thereafter, petitioner filed this appeal challenging the constitutionality of the registry statute. She argues that West Virginia Code § 15-12-8(c)[2] is unconstitutionally vague as it applies to homeless registrants with no fixed or permanent address or residence.

> "This Court's standard of review concerning a motion to dismiss an indictment is, generally, *de novo.* However, in addition to the *de novo* standard, where the circuit court conducts an evidentiary hearing upon the motion, this Court's 'clearly erroneous' standard of review is invoked concerning the circuit court's findings of fact."

Syl. Pt. 1, *State v. Grimes,* 226 W. Va. 411, 701 S.E.2d 449 (2009).

Although petitioner maintains that the statute is unconstitutionally vague as to homeless registrants, respondent argues that we need not even reach this determination because petitioner failed to establish that she was homeless. We agree with respondent.

At the hearing on petitioner's motion to dismiss, the State contested petitioner's factual allegation of homelessness. Despite this contested fact, petitioner did not call any witnesses, did not testify, and failed to present evidence that she was homeless. Although petitioner's counsel argued that she was homeless, her counsel's arguments do not constitute facts or evidence. *State v. Benny W.*, 242 W. Va. 618, 629, 837 S.E.2d 679, 690 (2019) ("[A] party can not establish facts in a case by asserting them in a brief. Those are nothing more than an attorney's statements, which are not evidence.") Petitioner had the burden of proving both the factual and legal validity of her claims, but she failed to do so here. Accordingly, we refuse to disturb the circuit court's order on appeal.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 18, 2022

---

[2] West Virginia Code § 15-12-8(c) provides that

> Any person required to register for life pursuant to this article who knowingly provides materially false information or who refuses to provide accurate information when so required by the terms of this article, or who knowingly fails to register or knowingly fails to provide a change in any required information as required by this article, is guilty of a felony and, upon conviction thereof, shall be imprisoned in a state correctional facility for not less than one year nor more than five years. Any person convicted of a second or subsequent offense under this subsection is guilty of a felony and, upon conviction thereof, shall be imprisoned in a state correctional facility for not less than ten nor more than twenty-five years.

**DISQUALIFIED:**


Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William D. Wooton